SETCO ENTERPRISES,
CORPORATION,
Appellee,

v.

Denzil W. ROBBINS, Defendant,

Roberta A. Robbins, Appellant.

SETCO ENTERPRISES,
CORPORATION,
Appellee,

v.

Denzil W. ROBBINS, Appellant,

Roberta A. Robbins, Defendant.

Nos. 93–1873, 93–1891.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 13, 1993.

Decided March 30, 1994.

Thomas D. Carver, Springfield, MO, argued, for appellant.

Thomas W. Millington, Springfield, MO, argued, for appellee.

Before MAGILL, Circuit Judge, BRIGHT, Senior Circuit Judge, and BEAM, Circuit Judge.

MAGILL, Circuit Judge.

In this diversity case, defendants Denzil and Roberta Robbins, husband and wife, appeal the district court's judgment in favor of plaintiff Setco Enterprises Corporation (Setco). After a bench trial, the district court found Denzil Robbins liable for fraudulent inducement and fraudulent transfer of property, and found Roberta Robbins liable for fraudulent transfer of property. On appeal, the Robbins argue that the district court erred in denying their motion to dismiss for improper venue and in finding that Setco was the real party in interest. Roberta Robbins also asserts that there was insufficient evidence to sustain her liability for fraud. We affirm in part and remand in part.

## I. BACKGROUND

Creditors filed an involuntary Chapter 7 bankruptcy petition against Denzil and Roberta Robbins in November 1981. In September 1986, after the bankruptcy trustee had filed a complaint to compel turnover of assets, the bankruptcy court in the Western District of Missouri (Western District) issued a preliminary injunction enjoining the Robbins from transferring property. In October

1986, Nabil Sahliyeh, president of Setco, agreed to exchange 750,000 shares of Spectrum Cellular (Spectrum) stock for shares of Victor Savings & Loan Association (Victor) stock that the Robbins owned. Denzil and Roberta Robbins also signed an agreement purporting to transfer their interest in a Howard Johnson's hotel to Setco. The negotiations leading up to and the execution of this transaction occurred in Texas and Oklahoma.

After the parties exchanged the stock, however, Sahliyeh discovered that the Robbins did not have an interest in the hotel and that they were under a bankruptcy court order enjoining them from transferring the Victor stock. Sahliyeh attempted to rescind the deal, but Denzil Robbins represented to him in December 1986 that he no longer had the Spectrum stock in his possession. Based on this representation, Sahliyeh accepted as partial consideration a promissory note from Denzil Robbins and a guaranty agreement allegedly signed by Roberta Robbins. The parties executed the note in Texas. Seven days after Denzil Robbins represented that he no longer possessed the Spectrum stock, the Robbins caused 500,000 shares of Spectrum stock to be issued in their names. Denzil Robbins eventually defaulted on the promissory note.

After the default, Setco brought this diversity suit against the Robbins in federal district court in the Western District. The Robbins challenged venue in their answer and later moved to dismiss for improper venue. The district court found that venue was proper because, even though the Robbins were not residents of Missouri, the Western District had substantial contacts with Setco's claim. At trial, Setco alleged that the Robbins fraudulently induced it to accept the promissory note and guaranty and that they defrauded Setco by purporting to transfer property they did not own or that they had no legal right to transfer.

The district court first found that Setco was the real party in interest in the case because it was the beneficial owner of the Spectrum stock. The court next found Denzil Robbins liable for fraud based on his representation that he had an interest in the

hotel, his attempted transfer of the Victor stock, and his representation that he no longer possessed the Spectrum stock. The court concluded that Roberta Robbins was not liable for fraudulently inducing Sahliyeh to accept the promissory note and guaranty, finding that she did not sign the guaranty and was not aware of the note. It did find, however, that Roberta Robbins was liable for defrauding Setco in the hotel and stock transaction. The Robbins timely appeal.

## II. DISCUSSION

The Robbins argue that the district court erred in denying their motion to dismiss for improper venue and in finding that Setco was the real party in interest in this case. Roberta Robbins also argues that there was insufficient evidence to sustain her liability for fraud in the hotel and stock transaction. We address each of these arguments in turn.

### A. Venue

The Robbins claim that venue in the Western District was improper because none of the parties resided in Missouri and because the fraudulent acts occurred in Texas and Oklahoma. We must first decide whether the amendments to the venue statute, 28 U.S.C. § 1391, that were passed in December 1990, apply in this case. Setco filed its action in March 1990, but the case was still pending when the 1990 amendments were enacted. We have held that "[i]f a case is still pending when [a] new statute is passed, new procedural . . . rules will usually be applied to it." *In re Resolution Trust Corp.*, 888 F.2d 57, 58 (8th Cir.1989); *see also Merchants Nat'l Bank v. Safrabank (Cal.)*, 776 F.Supp. 538, 540 (D.Kan.1991) (applying amended version of § 1391(b) to case pending when amendments were passed). Thus, we will apply the amended version of § 1391 here.

Section 1391(a)(2) provides, in relevant part, that venue is proper in a diversity case "in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2) (Supp. II 1990). The Robbins rely on *Missouri Hous. Dev. Comm'n v. Brice*, 919 F.2d

1306, 1312 (8th Cir.1990), for the rule that the district with the "weight of the contacts" is the proper venue for the case. *Brice*, however, applied the earlier version of § 1391, under which venue lay in the district "'in which the claim arose.'" *Id.* at 1308 (quoting 28 U.S.C. § 1391(a) (1988)).

 Under the amended statute, we no longer ask which district among two or more potential forums is the "best" venue, as *Brice* did. *See Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 867 (2d Cir.1992) (construing § 1391(b)(2)). Rather, we ask whether the district the plaintiff chose had a substantial connection to the claim, whether or not other forums had greater contacts. We agree with the district court that the Western District was a proper venue under § 1391(a)(2). The bankruptcy court in the Western District issued an order in September 1986, enjoining the Robbins from transferring stock. The Robbins purported to transfer stock to Setco in October 1986. Setco's fraud claim is based in large part on the Robbins' violation of this order. Thus, the bankruptcy court's issuance of the order in the Western District was an "event[ ] ... giving rise to [Setco's] claim." 28 U.S.C. § 1391(a)(2). In light of the importance of the order to Setco's suit, we believe it was a "substantial part" of the series of events giving rise to the fraud claim. *Id.*

Moreover, the Robbins' assets were under the jurisdiction of the bankruptcy court and the parties here also appeared before that court in connection with the bankruptcy trustee's adversary action relating to the Spectrum stock. Finally, as the district court noted, the records relating to Setco's claim are located in the Western District. Under the facts of this case, we believe that the Western District was a proper venue for Setco's action. *Cf. Florida Nursing Home Ass'n v. Page*, 616 F.2d 1355, 1361 (5th Cir.) (explaining that venue is proper if the events in a district "were not insubstantial and the forum is a convenient one balancing the equities and fairness to each party"), *cert. denied,*

449 U.S. 872, 101 S.Ct. 211, 66 L.Ed.2d 92 (1980).[1]

### B. Real Party in Interest

 The Robbins next argue that the district court erred in finding that Setco was the real party in interest in this case. They assert that Setco neither owned the Spectrum stock at the time of the transfer nor owned the fraud cause of action on which it sued here. The district court found that Setco was the beneficial owner of the Spectrum stock because it was in possession of the stock at the time of the Spectrum/Victor transaction; the Spectrum stock certificates contained the endorsement of Ronald Meyer, the registered owner of the stock; and Meyer and Setco executed an assignment in October 1989 under which Meyer assigned to Setco any rights he had to rescind the transaction and any rights he had to the Victor stock Setco acquired.

We hold that Setco was the real party in interest in this case. As the district court found, "any dispute regarding ownership [of the Spectrum stock] was resolved in favor of [Setco] by the [October 1989] assignment of interest from Meyer to [Setco]." Dist.Ct.Order at 3 n. 1 (Mar. 11, 1993). The Robbins assert, however, that Meyer assigned a tort claim to Setco in violation of Oklahoma law. *See* Okla.Stat.Ann. tit. 12, § 2017 (West 1993). We disagree. If he even had anything to assign, the right Meyer assigned to Setco was any right he had to rescind the Spectrum/Victor transaction. Rescission is a contract right, not a right sounding in tort. In light of the foregoing and because the Robbins fail to identify any interest that Meyer retained in the Spectrum stock, we agree with the district court that Setco was the beneficial owner of the stock. As the beneficial owner, Setco is the real party in interest to the claim that the Robbins fraudulently induced Setco to part with the stock. *See Mainord v. Sharp*, 569 P.2d 546, 547 (Okla.Ct.App.1977) (explaining that the real

---

**1.** Although the *Page* case was decided before the 1990 amendments to § 1391 took effect, we believe that it is relevant here because the court applied the "substantial contacts" test embodied in the amended statute. *See* 616 F.2d at 1361.

party in interest "is the party legally entitled to the proceeds of a claim").[2]

## C. Roberta Robbins' Fraud Liability

 Finally, Roberta Robbins argues that there was insufficient evidence to support her liability for fraud in the hotel and stock transaction.[3] Relying on *Schwartz v. McDaniel*, 202 Okla. 324, 213 P.2d 568 (1950), the district court found that, "under an implied agency theory ... Roberta Robbins acted to defraud [Setco] by transferring property, which she had no legal right to transfer." Dist.Ct.Order at 8. In *Schwartz*, Ruby Schwartz and H.J. Schwartz jointly owned a parcel of land as tenants in common. 213 P.2d at 570. The Schwartzes claimed that a lease of the land entered into between Ruby Schwartz and a third party was unenforceable because H.J. Schwartz was not a party to it. The court affirmed the jury verdict for the third party, finding that H.J. Schwartz was estopped to deny the authority of Ruby Schwartz to act on his behalf because he "led the [third party] to believe that she was authorized as his agent to lease the land" "by his acts, conduct and declarations." *Id.* at 571. Agency by estoppel is not an actual agency relationship because it does not arise by mutual consent of the putative principal and agent; rather, it arises only as to third parties who rely on acts that create the appearance of such a relationship. *See* 3 Am.Jur.2d *Agency* §§ 18, 19 (1986).

 *Schwartz*, however, also contained language suggesting that an actual, consensual agency relationship existed between H.J. and Ruby Schwartz. *See* 213 P.2d at 570–71. It is unclear from the district court's order whether it found Roberta Robbins liable under an agency by estoppel theory or whether it found her liable because an actual, consensual agency relationship existed between her and Denzil Robbins. It is also unclear from the court's order whether it found that Roberta Robbins possessed the state of mind necessary for fraud liability. If the basis for

the court's decision was that there was an actual agency relationship, Roberta Robbins, as the principal, can be vicariously liable for Denzil Robbins' fraud without a finding that she had scienter. *See Shrier v. Morrison*, 357 P.2d 196, 201–03 (Okla.1960).

 If, however, the basis for the court's decision was an agency by estoppel theory, we doubt that Roberta Robbins could be liable without a finding that she possessed the state of mind necessary for fraud liability.[4] First, we note that *Schwartz* was a contract case; it did not address whether a putative principal could be vicariously liable for the torts of her putative agent in the agency by estoppel context. We recognize that cases in some jurisdictions have premised vicarious tort liability on an agency by estoppel theory. *See Wilson v. Good Humor Corp.*, 757 F.2d 1293, 1302 (D.C.Cir.1985) (collecting cases where courts applied an agency by estoppel theory to find a party that created the appearance of an agency relationship liable for torts of a putative agent).

Each of these cases, however, involved vicarious tort liability claims against national businesses and franchisors in which the courts "required plaintiffs to demonstrate that they reasonably relied on the business reputation or good name of the [national business or franchisor] in doing business with the [putative agent]." *Id.* at 1302–03. We believe that these cases are inapposite because there is no evidence here that Setco relied on the "business reputation or good name" of Roberta Robbins in doing business with Denzil Robbins. Thus, we do not believe that Roberta Robbins could be vicariously liable for Denzil Robbins' fraud under an agency by estoppel theory. If there was not an actual agency relationship between Roberta Robbins and Denzil Robbins, Roberta Robbins can only be liable for fraud if she possessed the requisite state of mind for fraud liability.

2. We agree with the district court that Oklahoma law applies in this case.

3. Denzil Robbins does not challenge the district court's finding that he committed fraud.

4. In Oklahoma, a person can be liable for fraud if she makes a false material representation knowing it is false or if she makes such a representation recklessly without knowledge of its truth. *See Gay v. Akin*, 766 P.2d 985, 989 (Okla. 1988).

Because of these unresolved questions relating to the judgment against Roberta Robbins, we believe that a remand is appropriate for a reconsideration and redetermination of her liability, or non-liability as the case may be, with specific findings underlying that determination.

### III. CONCLUSION

We affirm the district court's conclusions that venue in the Western District was proper and that Setco was the real party in interest. We remand to the district court for more explicit findings as to Roberta Robbins' liability for fraud.