70 F.3d 983
 37 U.S.P.Q.2d 1062
 Jerry A. WOODKE, Appellant,
v.
Patrick DAHM, individually and d/b/a Cornbelt Manufacturing,
Douglas Blass, individually and d/b/a Cornbelt
Manufacturing, Michael DePew,
individually and d/b/a Clark
Trailer Sales, Inc.,
Appellees.
 No. 95-1811.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 20, 1995.
Decided Nov. 28, 1995.
 
 Robert Lawrence Kohorst, argued, Harlan, Iowa, for appellant.
 Jeffrey Allen Sar and Paul J. Yaneff, argued, Sioux City, Iowa, for Clark Trailer Sales and Michael Depew.
 David P. Jennett, argued, Storm Lake, Iowa (Maurice B. Nieland and Dan Connell, on the brief), for Patrick Dahm and Douglas Blass.
 Before RICHARD S. ARNOLD, Chief Judge, WOLLMAN and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 MORRIS SHEPPARD ARNOLD, Circuit Judge.
 
 
 1
 The issue here is whether the Northern District of Iowa is a proper venue for this Lanham Act case. We conclude that it is not and therefore affirm the judgment of the district court[1] dismissing the case.
 
 I.
 
 2
 Plaintiff Jerry Woodke, a resident of the Northern District of Iowa, designs and sells semi-trailers under the federally-registered trademark "Hawkeye Eagle." Mr. Woodke asserts that he is engaged in a joint venture with defendants Patrick Dahm, Douglas Blass, and Cornbelt Manufacturing to make trailers under the Hawkeye Eagle trademark. Defendant Clark Trailer Sales sold Mr. Woodke's trailers and defendant Michael DePew of Florida is an officer of Clark.
 
 
 3
 Mr. Woodke's complaint alleges a violation of the Lanham Act, 15 U.S.C. Sec. 1125, and contains various state-law claims as well. Section 1125 prohibits the use of false descriptions or false designations of origin in the advertising or selling of goods or services in commerce. Pioneer Hi-Bred Int'l v. Holden Foundation Seeds, Inc., 35 F.3d 1226, 1241 (8th Cir.1994). The complaint avers that defendants published an advertisement in the "Southeastern Truck Paper," which is not circulated in Iowa, featuring a photograph of a Hawkeye Eagle brand trailer, with Mr. Woodke's registered trademark obscured, identifying the trailer as a "43' Cornbelt Peanut Hopper." The complaint thus alleges what is called "reverse passing off," which is "the defendant's unauthorized removal of plaintiff's product's identifying marks before reselling the goods." Id.
 
 
 4
 The district court dismissed the case for improper venue after finding that the sole federal claim had an insubstantial connection with the forum. Woodke v. Dahm, 873 F.Supp. 179 (N.D.Iowa 1995).
 
 II.
 
 5
 The Lanham Act has no special venue provision and thus the general venue statute is applicable. That statute provides that a federal-question case may be filed in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. Sec. 1391(b)(2). The statute does not posit a single appropriate district for venue; venue may be proper in any of a number of districts, provided only that a substantial part of the events giving rise to the claim occurred there. See Setco Ents. Corp. v. Robbins, 19 F.3d 1278, 1281 (8th Cir.1994) (discussing similar provision in 28 U.S.C. Sec. 1391(a)(2)).
 
 
 6
 The place where the alleged passing off occurred therefore provides an obviously correct venue. See, e.g., Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 294 (3d Cir.1994); Tefal, S.A. v. Products Int'l Co., 529 F.2d 495, 496 n. 1 (3d Cir.1976) (decided under prior venue rule); Vanity Fair Mills v. T. Eaton Co., 234 F.2d 633, 639 (2d Cir.), cert. denied, 352 U.S. 871, 77 S.Ct. 96, 1 L.Ed.2d 76 (1956) (same). Mr. Woodke, however, seems to have no evidence of any advertising or sales of the infringing advertisement in the Northern District of Iowa. He contends instead that venue lies in the district of his residency because that is the location of the ultimate effect of the passing off.
 
 
 7
 While it is true that the Lanham Act requires a plaintiff who "believes that he or she is or is likely to be damaged" by defendant's conduct, 15 U.S.C. Sec. 1125(a)(1), we believe that accepting Mr. Woodke's argument would work a transformation of the venue statute that Congress could not have intended. One of the central purposes of statutory venue is to ensure that a defendant is not "haled into a remote district having no real relationship to the dispute." Cottman, 36 F.3d at 294. While the present venue statute was certainly intended to expand the number of venues available to a plaintiff, we are reluctant to impute to Congress an intent to abandon altogether the protection of defendants as a relevant consideration in venue matters. We think it far more likely that by referring to "events or omissions giving rise to the claim," Congress meant to require courts to focus on relevant activities of the defendant, not of the plaintiff. For one thing, it is not easy to know how a plaintiff's "omissions" could ever be relevant to whether a claim has arisen. For another, while damages or potential adverse economic effect are a necessary part of a Lanham Act claim, if Congress had wanted to lay venue where the plaintiff was residing when he was injured, it could have said so expressly. We therefore reject Mr. Woodke's argument that venue lies in the Northern District of Iowa simply because that was where he was residing when the passing off occurred.
 
 
 8
 Mr. Woodke fails, moreover, to adduce any other evidence that a substantial part of the events giving rise to his Lanham Act claim occurred in the forum that he chose. He does not claim that the trademarks were altered in the Northern District of Iowa. He asserts that Cornbelt manufactured all of the trailers involved in the Lanham Act claim in the forum, and that the Clark dealership agreement was executed in Iowa. These activities, however, have an insubstantial connection with the kinds of events that give rise to a claim. It is true that manufacturing the trailers was a necessary event, in a causal sense, to an attempt to pass them off, but we do not think that it is an event giving rise to Mr. Woodke's claim because it was not itself wrongful. Mr. Woodke also asserts in his brief that defendants conspired to violate the Lanham Act in the Northern District of Iowa. A conspiracy is, indeed, a wrongful act in itself; but we express no view on whether the locus of a conspiracy might provide venue, because it appears that Mr. Woodke produced no evidence of such a conspiracy in the court below. Mr. Woodke must therefore bring his suit in a different forum.
 
 
 9
 Finally, Mr. Woodke appears to suggest that the district court should have dismissed Mr. DePew in order to attain proper venue. While it does appear that Mr. DePew's absence as a defendant would render venue proper under 28 U.S.C. Sec. 1391(b)(1) and (c), because the remaining defendants reside in Iowa, there is no rule of which we are aware that requires a district court to dismiss particular defendants sua sponte in order to preserve venue in the absence of plaintiff's motion to dismiss such defendants. Mr. Woodke made no such motion.
 
 III.
 
 10
 For the foregoing reasons, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Mark Bennett, United States District Judge for the Northern District of Iowa