_____

No. 95-4210
_____

David Barber,                        *
                                     *
          Appellant,                 *   Appeal from the United States
                                     *   District Court for the
     v.                              *   Western District of Missouri.
                                     *
Dennis J. Simpson; Paul D.           *           [UNPUBLISHED]
Kothcer; Phyllis J. Nelson,          *
                                     *
          Appellees.                 *


_____

          Submitted:  August 2, 1996

             Filed:  August 23, 1996
_____

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.


     David Barber, a citizen of Illinois, appeals from the district
court's dismissal without prejudice of his civil rights and tort action
because of improper venue.  We reverse and remand for transfer of Barber's
Bivens[1] claims to the Central District of Illinois, and for a determination
of whether the court has subject matter jurisdiction over Barber's Federal
Torts Claims Act ("FTCA") claims.

     Barber brought this action against Dennis J. Simpson, United States
Postal Inspector, and Paul D. Kothcer and Phyllis J. Nelson, United States
Probation Officers, in their individual and official

_____

     [1]Bivens v. Six Unknown Named Agents of Fed. Bureau of
Narcotics, 403 U.S. 388 (1971).

capacities. Barber alleged that he was arrested in June 1993, based on a false and fraudulent report written by defendants Kothcer and Nelson, and on a letter written by defendant Simpson regarding Barber's possible possession of stolen mail. These documents were forwarded to the Regional Parole Commission in Kansas City, Missouri, resulting in an arrest warrant being issued for Barber. Barber alleged that he was held until August 25, 1995. Barber claimed defendants' conduct violated his constitutional rights and Missouri tort law, and alleged jurisdiction was proper under 28 U.S.C. §§ 1331, 1343, and venue was proper under 28 U.S.C. § 1391(e)(2). He sought monetary damages.

Whether the Western District of Missouri is a proper venue for Barber's <u>Bivens</u> claims is determined by reference to 28 U.S.C. § 1391(b), which states in relevant part that "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may . . . be brought only in . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." <u>Cf.</u> <u>Stafford v. Briggs</u>, 444 U.S. 527, 544 (1980) (Section 1391(e) applies only to suits against government officials in their official capacities, venue of <u>Bivens</u> actions governed by § 1391(b)). Venue may be proper in any number of districts so long as a substantial part of the events giving rise to the action occurred there. <u>Woodke v. Dahm</u>, 70 F.3d 983, 985 (8th Cir. 1995). "One of the central purposes of statutory venue is to ensure that a defendant is not `haled into a remote district having no real relationship to the dispute.'" <u>Id.</u> (quoted case omitted).

Although Barber alleges that fraudulent documents were sent to, and the decision to have him arrested was made in the Western District of Missouri, these events do not constitute a substantial part of the events giving rise to his <u>Bivens</u> claims against these defendants. Both the specific allegedly wrongful conduct of these

defendants--the generation of false and fraudulent documents--and Barber's arrest occurred elsewhere.  Cf. id. at 985 (Lanham Act case; venue not proper in district where trailers involved were manufactured and dealership agreement was executed; conduct that allegedly violated Lanham Act occurred elsewhere).

As Barber would probably now be precluded from refiling his Bivens claims by the relevant statute of limitations, it was an abuse of discretion for the district court to dismiss these claims without prejudice rather than transfer them to the Central District of Illinois.  Cf. Lowery v. Estelle, 533 F.2d. 265, 267 (5th Cir. 1976) (per curiam) (affirming district court's decision to dismiss rather than transfer because plaintiff did not face a statute of limitations problem); Sanchez v. United States, 49 F.3d 1329, 1330 (8th Cir. 1995) (per curiam) (Bivens actions, like 42 U.S.C. § 1983, governed by state's statute of limitations for personal injury actions where claim arises); Crowder v. True, 74 F.3d 812, 814 (7th Cir. 1995) (per curiam) (Illinois two-year statute of limitations applied to Bivens action arising in Illinois).

As to Barber's claims against defendants in their official capacities, defendants argued below that these claims are properly brought only under the FTCA, that the United States should be substituted as defendant, and that the district court lacked subject matter jurisdiction because Barber had not exhausted his administrative remedies.  See 28 U.S.C. § 2679(a) and (d); Price v. United States, 81 F.3d 520, 521 (5th Cir. 1996) (FTCA exhaustion requirement is jurisdictional).  The district court should have addressed the existence of subject matter jurisdiction over Barber's FTCA claims before ruling on venue.  Cf. United States ex rel. Rudick v. Laird, 412 F.2d 16, 20 (2d Cir.), cert. denied, 396 U.S. 918 (1969).  On remand, the district court should determine whether the United States should be substituted as the named defendant on those claims against defendants in their

-3-

official capacities, and whether Barber exhausted his administrative remedies under section 2675(a) of the FTCA within the six months prior to filing suit. See 28 U.S.C. 2401(b); McNeil v. United States, 508 U.S. 106-112 (1993) (holding that a complaint filed before exhaustion of remedies will not be viewed as properly filed as of the date of final agency action, but instead the complainant will have to refile). Only if the district court determines jurisdiction exists should it consider whether venue over these claims is proper under 28 U.S.C. § 1402(b).

Accordingly, we remand to the district court for further proceedings consistent with this opinion.

BEAM, Circuit Judge, dissenting.

There is clearly no subject matter jurisdiction for either claim asserted by Mr. Barber. I would dismiss.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.