In re **ENRON CORPORATION,**
et al., Debtors.

Official Employment–Related Issues
Committee of Enron Corp., et
al., Plaintiff,

v.

John D. Arnold, et al., Defendants.

Bankruptcy No. 01–16034–AJG.
Adversary No. 03–3522.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Nov. 15, 2004.

Mark E. Maney, McClain Leppert and Maney, Houston, TX, for Plaintiff.

Cynthia Johnson Rerko, Holland O'Neil, Gardere Wynne Sewell, LLP, Dallas, TX, Kenneth E. McKay, Locke Liddell & Sapp LLP, Edward L. Ripley, Baker & Hostetler, LLP, Houston, TX, Jeremy Simon, Thompson, Loss & Judge, LLP, Washington, DC, Mark A. Brandoff, Mark A. Brandoff, P.C., Jericho, NY, O.W. Bussey, Jr., Houston, TX, Thomas D. Goldberg, Day Berry et al., Stanford, CT, William W. Rucker, Jr., Rucker Middleton LLP, Houston, TX, for Various Defendants.

### MEMORANDUM OPINION AND ORDER

STEVEN A. FELSENTHAL, Chief Judge.

Defendant Matthew Motley filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(3), made applicable in this adversary proceeding by Bankruptcy Rule 7012, for lack of personal jurisdiction and for improper venue with regard to the claims asserted in the complaint filed by the Official Employment–Related Issues Committee of Enron Corp. (the "Employment Committee"), the plaintiff. *See* docket nos. 110, 111, and 115. The Employment Committee opposes the motion. *See* docket no. 269. The court conducted a hearing on the motion on August 31, 2004.

On March 28, 2003, the Employment Committee filed a complaint against Motley to recover a pre-petition payment of $2.3 million made to him by a trust set up by Enron North America. The complaint alleges 1) that the payment was an avoidable postpetition transfer under 11 U.S.C. §§ 549 and 550 [1]; 2) that the payment was a voidable preference under 11 U.S.C. §§ 547 and 550; and 3) that the payment was a fraudulent transfer under 11 U.S.C. §§ 544(b), 548 and 550 and applicable state law.

### *Personal Jurisdiction*

Motley's motion to dismiss for lack of personal jurisdiction, Fed.R.Civ.P. 12(b)(2) and Bankruptcy Rule 7012, will be denied. *See Busch v. Buchman, Buchman & O'Brien, Law Firm,* 11 F.3d 1255, 1258 (5th Cir.1994) ("[W]hen a federal court is attempting to exercise personal jurisdiction over a defendant in a suit based upon a federal statute providing for nationwide service of process, the relevant inquiry is whether the defendant has had minimum contacts with the United States.").

### *Venue*

Counsel for Motley stated at the hearing that Motley no longer seeks to

---

[1]. Judge Greendyke granted summary judgment to all defendants on the issue of avoidable post-petition transfers. *See* Judge Greendyke's April 19, 2004, memorandum of decision and order.

have the adversary proceeding against him dismissed for improper venue but that Motley requests, in the alternative, that the adversary proceeding against him be severed from the other defendants, Fed. R.Civ.P. 21 and Bankruptcy Rule 7021, and transferred to the Southern District of New York bankruptcy court, Bankruptcy Rule 1014(a)(2), where the Enron bankruptcy case was filed and is pending.

Motley argues that venue in the Southern District of Texas is improper because "a substantial part of the events and omissions giving rise to the [Employment] Committee's claims against Mr. Motley did not occur in [the Southern District of Texas]." Motley's Motion to Dismiss, p. 3. Motley, who lived in Oregon when he worked for Enron, now lives in Connecticut. He lives within a one-hour train ride from the Southern District of New York, where Enron's bankruptcy case is pending. Motley requests, as an alternative to dismissing the adversary proceeding, that the action against him be transferred to the Southern District of New York.

The Employment Committee states that venue is proper in the Southern District of Texas "pursuant to 28 U.S.C. §[§] 1391(b) and 1409(c), because a substantial part of the events and omissions giving rise to the [Employment] Committee's claims occurred in this District." Complaint, ¶ 3.

Section 1409(c) of title 28 of the United States Code provides:

[A] trustee in a case under title 11 may commence a proceeding arising in or related to such case as statutory successor to the debtor or creditors under section 541 or 544(b) of title 11 in the district court for the district where the State or Federal court sits in which, under applicable nonbankruptcy venue provisions, the debtor or creditors, as the case may be, may have commenced an action on which such proceeding is

based if the case under title 11 had not been commenced.

28 U.S.C. § 1409(c).

Section 1391(b) of title 28 provides:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Motley maintains that neither of the venue statutes upon which the Employment Committee relies applies to the Employment Committee's claims. Motley argues that § 1409(c) does not apply because an adversary proceeding on an avoidance action is not a "proceeding *arising in* or *related to*" the bankruptcy case. Motley argues that this proceeding would be one "arising under" title 11, and thus is not covered by § 1409(c). Motley further argues:

28 U.S.C. § 1391(b) applies only to a "civil action," and does not create an independent basis for venue in an adversary proceeding; rather, "nonbankruptcy venue statutes are available in bankruptcy only to the extent provided by the bankruptcy venue statutes themselves." *In re St. Johnsbury Trucking Co.,* 1994 WL 18686, at *3, 1994 Bankr.LEXIS 32, at *5–9 (Bankr.D.Vt. Jan. 17[sic], 1994).

Thus, the [Employment] Committee may invoke section 1391(b) only to the

extent permitted by 28 U.S.C. § 1409(c). Section 1409(c) is a narrowly crafted provision that supports venue only in limited types of actions that could have been brought pre-petition by the debtor, or by a creditor exercising its rights under state fraudulent transfer laws. Memorandum in Support of Motley's Motion to Dismiss, p. 7, n. 4. However, Motley acknowledges that the Employment Committee's claim under § 544(b) "would permit resort to" § 1409(c). *Id.*

The general venue rule for civil proceedings that arise during the course of a bankruptcy case is 28 U.S.C. § 1409(a) which states that "[e]xcept as otherwise provided in subsections (b) and (d), a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." 11 U.S.C. § 1409(a). The two exceptions referenced in § 1409(a) do not apply in this adversary proceeding.[2]

Section 1409(c) "provides an alternative venue for causes of action that may be brought by a trustee under 11 U.S.C. §§ 541 and 544(b). It should be emphasized that this provision is an *alternative* to subsection (a) of section 1409, and not an *exclusive* venue provision, as are sections 1409(b) and (d)." 1 Collier on Bankruptcy ¶ 4.02[3][a] (15th ed. revised, June 2004), at 4–17.

Under the general venue rule of § 1409(a), the Employment Committee could have commenced this proceeding in the Southern District of New York which is the district court in which Enron's bankruptcy case is pending. However, if applicable, § 1409(c) provides the Employment Committee an alternative to commencing the proceeding in the Southern District of New York.

The court finds that § 1409(c) does apply in this proceeding. As Motley concedes, the Employment Committee's claim under § 544(b) "would permit resort to" § 1409(c). Section 1409(c) specifically provides for its application to proceedings commenced by a trustee—in this proceeding, the debtor-in-possession, *see* 11 U.S.C. § 1107(a)—as statutory successor to the debtor or creditors under § 544(b). The bankruptcy court has authorized the Employment Committee to prosecute certain avoidance actions, including its § 544(b) cause of action against Motley, as a representative of and on behalf of the debtors' estates.[3] Accordingly, the Employment Committee could bring its 544(b) cause of action in a venue permitted by § 1409(c).

### *Where does § 1409(c) allow the Employment Committee to bring its 544(b) cause of action?*

 Under § 1409(c), the Employment Committee is permitted to bring its

---

**2.** Section 1409(b) applies to proceedings that arise in or relate to a title 11 case and seeks recovery of a money judgment or property worth less than $1,000 or an action based on a consumer debt of less than $5,000. Section 1409(d) states that a "trustee may commence a proceeding arising under title 11 ... based on a claim arising after the commencement of such case from the operation of the business of the debtor only in the district court for the district where a State or Federal court sits in which, under applicable nonbankruptcy venue provisions, an action on such claim may have been brought." While § 1409(d) includes the "arising under" language that is

missing from § 1409(c), it only applies to claims arising after the commencement of the bankruptcy case from the operation of the debtor's business. The Employment Committee's claims did not arise from the operation of the debtor's business after the commencement of the case. They arose from the *prepetition* operation of the debtor's case.

**3.** Several defendants have filed a motion for summary judgment challenging the Employment Committee's standing. *See* doc. no. 239. The court will address that motion in a separate order.

§ 544(b) cause of action in "the district court for the district where the State or Federal court sits in which, under applicable nonbankruptcy venue provisions, the . . . creditors . . . may have commenced an action on which such proceeding is based if the case under title 11 had not been commenced." 28 U.S.C. § 1409(c).

If the case under title 11 had not been commenced, the creditors could look to nonbankruptcy, state venue provisions to bring the fraudulent conveyance action. The Texas venue statute provides that "all lawsuits shall be brought . . . in the county of the defendant's principal office in this state, if the defendant is not a natural person. . . ." Tex. Civ. Prac. & Rem.Code Ann. § 15.002(a)(3) (2002). In a fraudulent conveyance action brought by the creditors pre-petition, Enron North America could have been a named defendant. Enron North America's principal office in Texas is located in Houston. The Southern District of Texas is the federal district in Houston, Texas. Therefore, the Southern District of Texas was an appropriate venue for the Employment Committee to bring its § 544(b) cause of action after the bankruptcy filing as permitted by § 1409(c).

For completeness, the court will discuss the federal venue statute and subsection (a)(1) of the Texas venue statute below.

### Joining the §§ 547 and 548 causes of action

■ Avoidance actions under 11 U.S.C. §§ 547 and 548 are not proceedings "arising in or related to" the bankruptcy case; they are proceedings "arising under" title 11. Section 1409(c) does not contain any language specifically including §§ 547 and 548. Therefore, § 1409(c) does not apply to these causes of action. However, the Employment Committee may join other claims with its § 544(b) cause of action properly brought in the Southern District

of Texas. Federal Rule of Civil Procedure 18 provides that "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Fed.R.Civ.P. 18(a) (made applicable in adversary proceedings by Bankruptcy Rule 7018).

### Section 1391 and Tex. Civ. Prac. & Rem.Code § 15.002(a)(1)

Both the Employment Committee and Motley focus their arguments on whether a substantial part of the events and omissions giving rise to the Employment Committee's claims occurred in the Southern District of Texas. See 28 U.S.C. § 1391(a) and (b). The Employment Committee maintains that § 1391(b) provides an independent basis for venue in this proceeding. Motley argues that § 1391(b) does not apply to this proceeding at all but nonetheless asserts his position on whether the Southern District of Texas is an appropriate venue under the "substantial part of the events or omissions" standard.

■ Section 1391, "which covers only 'civil actions' is not an independent basis for venue of 'proceedings' in bankruptcy. Rather, § 1391 and other nonbankruptcy venue statutes are available in bankruptcy only to the extent provided by the bankruptcy venue statutes themselves." *In re St. Johnsbury Trucking Co., Inc.,* Bankr. No. 93–B–43145, Adv. No. 93–1073, 1994 WL 18686, at *3 (Bankr.D.Vt. Jan. 18, 1994). The court agrees with *St. Johnsbury* and finds that there is no basis for applying § 1391 as an independent basis for venue here because § 1409 is the appropriate venue statute in a bankruptcy proceeding. However, it is possible that § 1391 may be an appropriate nonbankruptcy, federal venue statute made applicable by § 1409(c). If the bankruptcy case

had not been filed and if federal diversity jurisdiction would have been present, "a proper venue for the trustee's suit is a judicial district that satisfies any of the criteria set out in 28 U.S.C. § 1391(a)[4]." 1 Collier on Bankruptcy ¶ 4.02[3][c] (15th ed. revised, June 2004), at 4–18. If the bankruptcy case had not been filed and if federal jurisdiction would *not* have been "founded solely on diversity of citizenship," 28 U.S.C. § 1391(b), the creditor could bring its fraudulent conveyance action in a venue permitted under § 1391(b).

And if "federal jurisdiction would not have been available, the search must be, first, for the state or states in which the debtor could have brought the action and secondly, for the location of the court (or courts) in that state in which, under the venue provisions of state statute, the suit could have been filed." 1 Collier on Bankruptcy ¶ 4.02[3][c] (15th ed. revised, June 2004), at 4–18.

The parties focus their arguments on the "substantial part of the events or omissions" standard. Both § 1391 and Texas's venue statute provide alternatives in which a lawsuit may be brought where all or "a substantial part of the events or omissions giving rise to the claim occurred." *See* Tex. Civ. Prac. & Rem.Code Ann. § 15.002(a)(1) (2002). Because the Texas venue statute and the federal venue statute use the same "substantial part of the events or omissions" standard, the court, for purposes of completeness, discusses venue under this standard.

### Where did a substantial part of the events or omissions giving rise to the claims occur?

■ Motley asserts that the events giving rise to the Employment Committee's claims against him occurred primarily in Oregon, not Texas. Memorandum of Law in Support of Defendant Matthew Motley's Motion to Dismiss, p. 5. For example, Motley was employed in Oregon while he worked for Enron. His employment agreement was governed by Oregon law. Motley received the payment in Oregon. Motley executed an agreement dated November 30, 2001, for the payment in Oregon. Motley deposited the check in his bank account in Oregon. Based on these facts, Motley maintains that the Employment Committee has no basis for venue against him in Southern District of Texas because a substantial part of the events giving rise to the Employment Committee's claims against him occurred in Oregon.

The Employment Committee argues that a substantial part of the relevant events that gave rise to its claims occurred in Houston, Texas, not in Oregon. For example, the decisions regarding the bonus payments occurred in Houston.

The Employment Committee states that the court "is not tasked with determining the best venue, but merely determining whether the venue chosen is proper." Employment Committee's Opposition to Motley's Motion to Dismiss, p. 5.

■ Motley relies on the Eighth Circuit case of *Woodke v. Dahm*, 70 F.3d 983 (8th Cir.1995) to support his argument that the court is to consider only the relevant activities of the defendant when determining whether venue is proper. The Southern District of Texas stated in *Seariver Maritime Fin. Holdings, Inc. v. Pena*, 952

---

4. 28 U.S.C. § 1391(a) provides that "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may ... be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ...."

F.Supp. 455, 460 (S.D.Tex.1996) that it was "persuaded by the analysis of the Eighth Circuit [in *Woodke*], when it stated that, by referring to 'events or omissions giving rise to the claim,' it is likely that 'Congress meant to require courts to focus on relevant activities of the defendant, not of the plaintiff.'" *Id.* (quoting *Woodke*, 70 F.3d at 985).

The Employment Committee cites a Sixth Circuit case which states that "the plaintiff may file his complaint in any forum where a substantial part of the events or omissions giving rise to the claim arose; this includes any forum with a substantial connection to the plaintiff's claim." *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir.1998).

■ The court interprets statutes according to their plain, ordinary meaning. *See, e.g., Pioneer Inv. Servs. Co. v. Brunswick Assocs. Limited P'ship*, 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989); *Conn. Bank of Commerce v. Republic of Congo*, 309 F.3d 240, 260 (5th Cir.2002). The court respectfully disagrees with the analysis in *Woodke*. The venue statute states that an action may be filed in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...," 28 U.S.C. §§ 1391(a) and (b), and does not specify that a court must look only to the defendant's activities, as the *Woodke* court holds. *Woodke* inserts language in § 1391 that alters the statute's meaning. The court declines to follow *Woodke's* reading of § 1391(b) to the extent it focuses on defendant's activities only.

In *First of Michigan*, the Sixth Circuit remarks on the difference between the current wording of § 1391 (revised in 1990) which uses the phrase "a judicial district in which a *substantial part* of the

events or omissions giving rise to the claim occurred" and the pre–1990 standard which directed that venue was proper in "*the* judicial district in which the claim arose.'" *First of Michigan* 141 F.3d at 263 (quoting *Onderik v. Morgan*, 897 F.2d 204, 206 (6th Cir.1989) (emphasis added)). The commentary following the 1990 revisions to § 1391(a)(2), which uses the same wording as the second clause in § 1391(b), is instructive:

> The fact that substantial activities took place in district B does not disqualify district A as proper venue as long as "substantial" activities took place in A, too. Indeed, district A should not be disqualified even if it is shown that the activities in [district] B were more substantial, or even the most substantial. Any other approach would restore the pinpointing problem that created the difficulties under the now discarded "claim arose" standard. If the selected district's contacts are "substantial," it should make no difference that another's are more so, or the most so.

David D. Siegel, Commentary on the 1988 and 1990 Revisions of Section 1391, Subdivision (a), Clause (2), 28 U.S.C. § 1391 (1993) (quoted in *First of Michigan*, 141 F.3d at 263.).

The court applies the standard set forth in § 1391, and similarly set forth in § 15.002(a)(1) of the Texas venue statute, which states that "[a] civil action ... may ... be brought only in ... a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ..." to determine whether the Southern District of Texas is an appropriate venue for the Employment Committee's action against Motley.

While the court acknowledges that there were events that occurred in Oregon that gave rise to the Employment Committee's

claim, the court also recognizes that a substantial part of the events giving rise to the claim occurred in Houston, Texas, as well. Because a "substantial part" of the events occurred in the Southern District of Texas, the court need not decide if Oregon claims a *more* substantial part of the events or *the most* substantial part of the events.

An avoidance cause of action focuses on the actions of the debtor. The trustee may avoid a transfer by the debtor. The person receiving the transfer is not considered a tortfeasor in an avoidance action. Motley has not been sued on a tort. In this proceeding, Enron North America's actions regarding the transfer occurred in Houston. The payment plan formulated by the debtor was then implemented in Motley's case in Oregon. With the focus on the debtor's actions and decisions, the court cannot conclude that the events in Houston, Texas, were not a substantial part of the events that gave rise to the claims. Enron North America's plan formulation, analysis, and decision-making related to the payment to Motley occurred in Houston, Texas. Therefore, the court finds that venue in the Southern District of Texas is appropriate under the "substantial part of the events or omissions" standard.

### Motley did not file a motion to transfer venue based on an inconvenient forum

 Motley did not file a motion to transfer venue based on an inconvenient forum. 28 U.S.C. § 1412. Much of Motley's argument about why the court should transfer this action to the Southern District of New York includes reasons why it would be more convenient for him to defend the cause of action in New York rather than in Texas. For example, he stated that he is within a one-hour train ride from New York and that his attorney is admitted to practice in the Southern District of New York. These facts are more applicable to a motion to transfer venue because of an inconvenient forum and not a motion to dismiss based on improper venue.

### ORDER

Based on the foregoing,

**IT IS ORDERED** that the motion of Matthew Motley to dismiss is **DENIED**.