**TRANSOCEAN GROUP HOLDINGS PTY LTD., on behalf of itself and Transocean Global Biofuels, Pty Ltd., derivatively on behalf of High Plains Biofuels, Inc., Plaintiffs,**

v.

**SOUTH DAKOTA SOYBEAN PROCESSORS, LLC, Rodney Christianson, and Daniel Feige, Defendants.**

Civil No. 07–652 (JRT/FLN).

United States District Court,
D. Minnesota.

Aug. 31, 2007.

Thomas B. Hatch and Peter N. Surdo, Robins, Kaplan, Miller & Ciresi L.L.P., Minneapolis, MN, for plaintiffs.

William J. Coughlin, William J. Coughlin, Eagan, MN; and Roger W. Damgaard, Woods, Fuller, Shultz & Smith P.C., Sioux Falls, SD, for defendants.

JOHN R. TUNHEIM, District Judge.

Plaintiffs brought this action for breach of contract and breach of fiduciary duty after defendants ceased negotiations with plaintiffs regarding a joint venture. Defendants filed a motion to dismiss for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure. In a Report and Recommendation dated May 18, 2007, United States Magistrate Judge Franklin L. Noel recommended that the Court deny defendants' motion to dismiss. Defendants timely objected to the Report and Recommendation. This Court has conducted a *de novo* review of the objections under 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). For the reasons set forth below, the Court adopts the Report and Recommendation and denies defendants' motion.

## BACKGROUND

Plaintiffs Transocean Group Holdings and Transocean Biofuels (collectively "Transocean") are Australian companies with their primary place of business in Sydney, Australia. Defendant South Dakota Soybean Processors ("SDSP"), a South Dakota company, operates a soybean processing plant in Volga, South Dakota. At one time, SDSP provided management services to Minnesota Soybean Processors ("MnSP") at MnSP's biodiesel production facility in Brewster, Minnesota. Defendant Rodney Christianson ("Christianson") is the Chief Executive Officer of SDSP and is a resident of South Dakota. Defendant Daniel Feige ("Feige") is a member of the SDSP Board of Managers and is also a resident of South Dakota.

SDSP and Transocean entered into negotiations to form High Plains Biofuels ("High Plains"), an entity created for the construction and operation of a biodiesel production plant in Volga, South Dakota. High Plains was incorporated on April 26, 2006 in Delaware. The Board of Directors for High Plains included defendant Christianson, Thomas Kerting from SDSP, and James Henderson and Paul Wessel from Transocean. The Board was later expanded to include defendant Feige. On April 28, 2006, SDSP and Transocean formed an agreement entitled "Heads of Agreement" (the "Agreement") that described the corporations' respective responsibilities to High Plains, and that forms the basis for the present action.

After the Agreement was executed, the High Plains Board of Directors held a series of meetings to plan for an initial public offering of the corporation. Many of these meetings took place in Minnesota. On July 14, 2006, the Board met in New Ulm, Minnesota to discuss budget concerns and business strategies. On July 26, 2006, the Board met in Minneapolis to discuss the possibility of High Plains making an offer to purchase the MnSP biodiesel facility in Brewster, Minnesota. And on September 24, 2006, the Board held a

meeting in Minneapolis, during which they discussed SDSP's concerns with the Agreement.

In August 2006, MnSP informed SDSP that it intended to terminate its management contract for the Brewster, Minnesota facility. In response, SDSP attempted to acquire the facility. On September 14, 2006, Feige presented SDSP's bid during a special meeting of MnSP shareholders in Windom, Minnesota. At that meeting, Feige represented to MnSP shareholders that the Agreement between SDSP and Transocean was a non-binding letter of intent, and not a valid contract. SDSP's bid was ultimately rejected.

On November 9 and 10, 2006, Christianson met with Henderson in Minneapolis for a two-day meeting. Christianson voiced his concerns with the Agreement and with the amount of control SDSP was given over High Plains. Plaintiffs allege that Henderson was receptive to Christianson's concerns, but that both parties agreed that if they could not reach a resolution, the terms of the original Agreement would remain in effect.

On December 19, 2006, SDSP's Board of Directors met and decided to cease negotiations with Transocean. A short time later, Transocean brought this action against defendants, alleging that SDSP breached the Agreement and that Christianson and Feige breached their fiduciary duty to High Plains. Defendants filed this Rule 12(b)(3) motion to dismiss based on improper venue. *See* Fed.R.Civ.P. 12(b)(3). The Magistrate Judge recommended that this Court deny defendants' motion, and these objections followed.

## ANALYSIS

### I. STANDARD OF REVIEW

Rule 12(b)(3) provides that a party may move to dismiss an action when the action is not filed in the proper venue. Fed. R.Civ.P. 12(b)(3). When reviewing a motion under Rule 12(b)(3), the Court applies the same standard used for other motions to dismiss. *Twin Lakes Sales, LLC v. Hunter's Specialties, Inc.*, 2005 WL 1593361, at *1 (D.Minn. July 6, 2005). The Court must construe all facts in the light most favorable to the non-moving party, and take the facts alleged in the complaint as true. *Goss Graphic Sys. v. Man Roland Druckmaschinen Aktiengesellschaft*, 139 F.Supp.2d 1040, 1056 (N.D.Iowa 2001). The defendant, as the moving party, has the burden of establishing that venue is improper. *See United States v. Orshek*, 164 F.2d 741, 742 (8th Cir.1947).

### II. VENUE UNDER 28 U.S.C. § 1391(a)(2)

▮ Under 28 U.S.C. § 1391(a)(2), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Plaintiffs need not show that Minnesota is the "best" venue, *Setco Enters. Corp. v. Robbins*, 19 F.3d 1278, 1281 (8th Cir.1994), nor must they demonstrate that Minnesota has the most substantial contacts to the dispute. *See United States Surgical Corp. v. Imagyn Med. Techs., Inc.*, 25 F.Supp.2d 40, 43 (D.Conn.1998). In reviewing a motion under § 1391(a)(2), the Court should focus on the relevant wrongful activities of the defendant, not on the activities of the plaintiff or the lawful conduct of either party. *Woodke v. Dahm*, 70 F.3d 983, 985–86 (8th Cir.1995).

▮ The Court finds that plaintiffs have alleged sufficient conduct in Minnesota to withstand defendants' Rule 12(b)(3) motion. In support of their breach of fiduciary duty claim, plaintiffs allege that on September 14, 2006, in Windom, Minnesota, Feige told MnSP shareholders that the Agreement was merely a non-binding letter of intent. Plaintiffs further allege that Christianson tried to re-negotiate the

Agreement on September 24, 2006 and on November 9 and 10, 2006, in Minnesota. Plaintiffs argue that these actions demonstrate that Christianson and Feige did not act in the best interests of High Plains.

With respect to their breach of contract claim, plaintiffs allege that defendants recognized the Agreement as a formal contract during two meetings in July 2006 that took place in Minnesota. Plaintiffs contend that the parties discussed the Agreement, budget and payment processes, and the construction of the High Plains plant during these meetings. Plaintiffs also point to Feige's statement on September 14, 2006 that the Agreement was not a binding contract, and to Christianson's attempts to re-negotiate the High Plains deal in September and November, as evidence of their intent to breach the contract. Again, the relevant conduct alleged by plaintiffs occurred in Minnesota. Defendants argue that, under *Woodke,* plaintiffs cannot establish venue under § 1391(a)(2) merely by labeling as wrongful otherwise innocent conduct. According to defendants, none of the conduct during the July 2006 meetings can be characterized as wrongful. In *Woodke,* however, the Eighth Circuit addressed venue in the context of a Lanham Act claim, finding that the district in which defendant had manufactured the disputed products was not legally relevant to plaintiff's passing off claim for purposes of venue. *Woodke,* 70 F.3d at 985–86 (noting that "[t]hese activities ... have an insubstantial connection with the kinds of events that give rise to a claim"). Here, while defendants' alleged conduct during the July 2006 meetings is not wrongful *per se,* plaintiffs must show the existence of a contract in order to prove that that contract was in fact breached. Because the alleged conduct is a necessary predicate to plaintiff's breach of contract claim, the Court finds that the allegations are properly considered along with defendants' alleged wrongful conduct

in determining whether venue is proper in Minnesota.

For these reasons, the Court finds that plaintiffs have alleged sufficient conduct in Minnesota to establish venue pursuant to § 1391(a)(2). The allegations are sufficient for venue even if they are ultimately determined to be insufficient as proof of plaintiffs' underlying claims. The Court therefore denies defendants' Rule 12(b)(3) motion to dismiss for improper venue.

### ORDER

Based on the foregoing records, files, and proceedings herein, the Court **OVERRULES** defendants' objections [Docket No. 25] and **ADOPTS** the Magistrate Judge's Report and Recommendation dated May 18, 2007 [Docket No. 22]. **IT IS HEREBY ORDERED** that defendants' motion to dismiss and objection to venue [Docket No. 7] is **DENIED.**

### REPORT AND RECOMMENDATION

FRANKLIN L. NOEL, United States Magistrate Judge.

**THIS MATTER** came before the undersigned United States Magistrate Judge on April 12, 2007, on Defendants' Objection to Venue and Motion to Dismiss [# 7]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends Defendants' motion be denied.

### I. FINDINGS OF FACT

Plaintiffs Transocean Group Holdings ("Transocean Holdings") and Transocean Global Biofuels ("Transocean Biofuels") are both Australian Companies with their principal place of business in Syndey, Australia. (Compl.¶ 1.) Transocean Biofuels is an affiliate of Transocean Holdings. (Compl.¶ 1.)

Defendant South Dakota Soybean Processors ("SDSP") is a South Dakota company that operates a soybean processing plant in Volga, South Dakota, and provided management services for Minnesota Soybean Processors ("MnSP") at their biodiesel production facility in Brewster, Minnesota. (Compl.¶ 3.) Defendant Rodney Christianson, a South Dakota resident, is the Chief Executive Officer of SDSP. (Compl.¶ 4.) Defendant Daniel Feige, a South Dakota resident, is a member of the SDSP Board of Managers. (Compl.¶ 5.)

On April 26, 2006, High Plains Biofuels ("High Plains") was incorporated in Delaware. (Compl.¶ 8.) High Plains was formed for the purpose of constructing and operating a biodiesel production plant in Volga, South Dakota. (Compl.¶ 2.) The original board of directors for High Plains consisted of James Henderson and Paul Wessel of Transocean Holdings and Christianson and Thomas Kersting of SDSP. (Compl.¶ 8.) Two days after High Plains was incorporated, Transocean Holdings and SDSP executed an agreement, titled "Heads of Agreement", that laid out both parties obligations in regard to High Plains.[1] (Compl. ¶ 9 and Ex. A.)

After the "Heads of Agreement" was signed, the High Plains Board of Directors held a series of meetings. At a meeting on May 30, 2006, Daniel Feige and Rodney Skalbeck, both of SDSP, were added to the High Plains Board of Directors. (Compl.¶ 18.) At that meeting, discussions took place regarding the construction of the High Plains biodiesel facility. (Compl.¶ 18.) Throughout the summer, discussions, planning, and board meetings continued relating to the construction of the High Plains facility. (Wessel Decl. ¶¶ 11–14.)

Also during the summer, MnSP informed SDSP that they were terminating the management services contract for the Brewster facility. (Compl.¶ 21.) In response, SDSP made an unsuccessful attempt to acquire the Brewster facility from MnSP. (Compl.¶ 21.) On September 14, 2006, during the attempt to acquire the Brewster facility, Feige presented SDSP's proposal to a special meeting of MnSP's shareholders in Windom, Minnesota. (Compl.¶ 24.) During this presentation, Feige stated that the "Heads of Agreement" was not a binding agreement between Transocean and SDSP. (Compl.¶ 24.)

On September 24, 2006, High Plains held a Board Meeting, in Minneapolis, in response to the concerns of SDSP[2], raised by Christianson, regarding the terms of the "Heads of Agreement". (Wessel Decl. ¶ 14.) During this meeting, the Board of Directors discussed altering the "Heads of Agreement" in a manner that addressed SDSP's reservations. (Wessel Decl. 15.) This meeting also included further discussion relating to the construction and operation of the High Plains biodiesel facility. (Wessel Decl. 15.)

On November 9 and 10, 2006, Christianson and Henderson met in Minneapolis, Minnesota. (Wessel Decl. 21.) During this two day meeting, Christianson attempted to renegotiate the "Heads of Agreement" to make the ownership structure more beneficial to SDSP and desig-

---

1. Plaintiffs claim that "Heads of Agreement" is a contract and SDSP has breached the contract. (Compl.¶¶ 32–36.) Plaintiffs also claim that in the process of breaching the contract, Christianson and Feige breached their fiduciary duty to High Plains. (Compl.¶¶ 37–40.) Defendants contend that the "Heads of Agreement" was merely an agreement to agree. (Defs.' Mem. in Supp. of Mot. 3, fn. 2.)

2. SDSP had begun to express concerns over the dilution of its ownership of High Plains. (Wessel Decl. ¶ 14.)

nate SDSP as the general contractor for the project. (Wessel Decl. 21.) During these negotiations, Christianson represented that changes were necessary because SDSP did not want to abide by the current terms of the "Heads of Agreement". (Wessel Decl. 21.)

Ultimately, on December 19, 2006, SDSP held a Board of Directors meeting in Volga, South Dakota, where it was decided that they would cease negotiations with Transocean entities. (Christianson Decl. ¶ 12, Ex. C.) On January 11, 2007, SDSP, through Henderson, informed Transocean Biofuels that they were formally terminating discussions regarding High Plains. (Christianson Decl., Ex. D.) This letter was sent from SDSP's facility in Volga, South Dakota. (Christianson Decl., Ex. D.)

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1391(a)

"[a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in[:] (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."

*Id.* A corporate defendant is deemed to "reside" pursuant to subdivision (1) in "any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c); *Guidant Sales Corp. v. Niebur*, No. 01–1772, 2002 WL 205575 (D.Minn. Feb.7, 2002); *K–Tel Int'l, Inc. v. Tristar Prod., Inc.*, 169 F.Supp.2d 1033 (D.Minn.2001). Venue protects a defendant from the inconvenience of having to defend an action in a trial court that is either remote from the defendant's residence or from the place where the acts underlying the controversy occurred. *See VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1576 (Fed.Cir.1990), *cert. denied*, 499 U.S. 922, 111 S.Ct. 1315, 113 L.Ed.2d 248 (1991). "Where venue is challenged by a defendant, plaintiff bears the burden of proving that venue is proper in the forum state." *Saferstein v. Paul, Mardinly, Durham, James, Flandreau & Rodger, P.C., et al.*, 927 F.Supp. 731 (S.D.N.Y. 1996).

Plaintiffs advance arguments based upon both § 1391(a)(1) and § 1391(a)(2). Under Section 1391(a)(2) (venue proper where "substantial part of the events or omissions giving rise to the claim occurred") the Plaintiff's chosen forum need not have the most substantial contacts to the dispute. *See United States Surgical Corp. v. Imagyn Medical Technologies, Inc., et al.*, 25 F.Supp.2d 40 (D.Conn.1998). The fact that substantial activities may have taken place in other districts is not dispositive. *See Setco Enterprises Corp. v. Robbins*, 19 F.3d 1278, 1281 (D.Minn.1994) (holding that the Eighth Circuit no longer asks which district among two or more potential forums is the "best" venue.); *Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 867 (2d Cir.1992) (construing § 1391(b)(2)). Rather, it is sufficient that a substantial part of the events occurred in the forum state even if a greater part of the events occurred elsewhere. *See Setco Enterprises Corp.*, 19 F.3d at 1281; *United States Surgical Corp.*, 25 F.Supp.2d at 43. The Eighth Circuit has held that when analyzing a "substantial part of the events or omissions" for purposes of venue, the Court should look to the relevant wrongful activities of the defendant; not

the activities of the plaintiff nor lawful conduct of either party. *Woodke v. Dahm*, 70 F.3d 983, 985–86 (8th Cir.1995).

Plaintiffs have met their burden of alleging wrongful conduct by the Defendants that occurred in Minnesota. Feige's statement to MnSP shareholders and Christianson's attempt to renegotiate at a High Plains Board Meeting on September 24, 2006, and with Henderson on November 9–10, 2006, make up a substantial part of the Plaintiff's claims of breach of fiduciary duty by Henderson and Feige. Defendants may ultimately be proved correct in asserting that these actions were not a breach of their fiduciary duty, and therefore not wrongful. But it is these events, which occurred in Minnesota, that Plaintiff's allege support their breach of fiduciary duty claims.

Defendants also argue that the only potentially wrongful conduct by SDSP is the decision to cease negotiation with the Transocean entities and the communication of the decision. However, Plaintiffs allege a larger course of conduct to support the allegations of breach of contract and asserts that the discussions held in the fall of 2006 demonstrate the Defendants' belief that a contract existed and an intent to breach the contract.

This breach of contract case is distinguishable from *Woodke*, in that the claims in *Woodke* focused on specific conduct that would violate the Lanham Act. *See Woodke*, 70 F.3d 983. Woodke focused on specific conduct that would violate a federal statute and where that conduct took place. Id. However, in this case, the essential issue to the breach of contract claim is not whether a breach occurred, but whether a contract existed because both parties concede that the Defendants abandoned the "Heads of Agreement". The Plaintiff has identified a substantial set of facts occurring in Minnesota that bear on the issue of contract formation. It

is those events that give rise to the Plaintiff's contract claim. Plaintiffs have met their burden of producing evidence that a "substantial part of the events or omissions giving rise to the claim occurred" in Minnesota. Venue here is proper.

As the Court has concluded that venue here is proper under Section 1391(a)(2), it is not necessary to address Plaintiff's alternative argument that venue is also proper under Section 1391(a)(1).

### III. RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants' Objection to Venue and Motion to Dismiss [# 7] be **DENIED**.