**UNITED STATES COURT OF APPEALS**

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-2098
_____

Sharon Richards,                    *
                                    *
    Plaintiff-Appellant,        *    Appeal from the United States
                                    *    District Court for the
  v.                              *    District of Minnesota.
                                    *
Aramark Services, Inc., f/k/a       *
ARA Services, Inc.,                 *
                                    *
    Defendant-Appellee.         *


_____

Submitted:   December 13, 1996

Filed:    March 17, 1997
_____

Before McMILLIAN and MAGILL, Circuit Judges, and WEBBER,[1] District Judge.
_____

WEBBER, District Judge.


Sharon Richards appeals from the district court's[2] orders dismissing her claims for improper venue and denying her motion for relief sought under Rule 60(b) of the Federal Rules of Civil Procedure after the district court granted defendants' motion to dismiss for improper venue.  We affirm.

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri, sitting by designation.

[2]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

I.

Sharon Richards, a Montana resident, was injured at O'Hare International Airport in Chicago, Illinois, on October 3, 1988, while delivering freight as a long-haul truck driver. On September 30, 1994, after the statute of limitations barred her negligence action in Illinois, she filed suit in the District Court of Minnesota where the action was not time-barred. Named as defendants were Ground Services, Inc. (hereinafter referred to as "GSI"), and ARA, later Aramark Services, Inc. (hereinafter referred to as "Aramark"). GSI moved to dismiss the action for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure and under Minnesota's long-arm statute. Additionally, both defendants moved to dismiss the action for lack of proper venue pursuant to Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. § 1391(a)(3).

Richards then filed an "alternative motion" to change venue to the District Court for the District of Illinois, under 28 U.S.C. § 1404(a). Richards' motion requested the court to transfer venue to the Northern District of Illinois if the court first determined the court lacked personal jurisdiction over GSI or that venue was improper in Minnesota. At the beginning of a hearing on February 2, 1996, Richards' counsel withdrew the § 1404(a) motion, but did not voluntarily dismiss GSI from the suit. After the hearing, the district court dismissed plaintiff's action for improper venue. Plaintiff filed a motion for post-judgment relief under Rules 59, 60(a), 60(b)(1) and 60(b)(6) of the Federal Rules of Civil Procedure. That motion was denied. On appeal, plaintiff claims the district court abused its discretion in denying her motion for post-judgment relief under Fed.R.Civ.P. 60(b)(1).

II.

We review the district court order denying relief under Fed.R.Civ.P. 60(b)(1) for abuse of discretion.  Abuse of discretion

will be found only when the trial court's decision is based on an erroneous view of the law or a clearly erroneous assessment of the evidence. Waible v. McDonald's Corp., 935 F.2d 924, 926 (8th Cir. 1991). Abuse of discretion can occur in three principal ways:

> when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits clear error of judgment.

Williams v. Carter, 10 F.3d 563, 566 (8th Cir. 1993) (quoting Kern v. TXO Prod. Corp., 738 F.2d 968, 970 (8th Cir. 1984)).

Relief under Rule 60(b) is limited. "A district court should grant a Rule 60(b) motion `only upon an adequate showing of exceptional circumstances.'" United States v. Tracts 10 & 11 of Lakeview Heights, 51 F.3d 117, 120 (8th Cir. 1985) (quoting United States v. Young, 806 F.2d 805, 806 (8th Cir. 1986), cert. denied, 484 U.S. 836 (1987)); see also General Elec. Co. v. Lehnen, 974 F.2d 66, 67 (8th Cir. 1992) (relief under Rule 60(b) to be granted only in exceptional cases). We find no application of an erroneous view of the law or erroneous assessment of evidence by the district court, nor do exceptional circumstances justify relief under Rule 60(b)(1).

Richards asserts that she was entitled to Rule 60(b) relief because of existence of confusion at the hearing on February 2, 1996, and in the district court's refusal to grant remedial relief. Her claim is not supported by the record. Plaintiff filed suit in Minnesota to take advantage of its statute of limitations. Once defendants challenged venue and personal jurisdiction, plaintiff sought, through her motion, a transfer to the Northern District of Illinois under 28 U.S.C. § 1404(a). Transfer of venue under this section would have allowed the longer Minnesota statute of

limitations to be applied in Illinois.  A transfer under 28 U.S.C. § 1404(a) turns on considerations of convenience and the interest

of justice and when granted, the transferee forum is required to apply the law of the transferor state. <u>Ferens v. John Deere Co.</u>, 494 U.S. 516, 523 (1990). However, Richards wanted to avoid transfer of venue pursuant to 28 U.S.C. § 1406(a). Under that section, the Illinois statute of limitations would have applied and her action would have clearly been time-barred.

At the hearing, Richards' counsel argued exhaustively that she had acquired personal jurisdiction over GSI by a reverse-piercing, alter-ego theory,[3] having first acquired confessed in personam jurisdiction over Aramark. However, as the district court properly determined, Richards never acquired personal jurisdiction over GSI

---

[3]In a reverse-piercing situation, a corporate entity is set aside so the protections and rights available to non-corporate entities or individuals are made available to the corporation's insiders or shareholders. <u>See</u> <u>In Re Schuster</u>, 132 B.R. 604, 607 (Bankr. D. Minn. 1991); <u>Miller & Schroeder, Inc. v. Gearman</u>, 413 N.W.2d 194, 198-201 (Minn. Ct. App. 1987). In every case cited by Richards applying reverse piercing under Minnesota law, relief was sought by a shareholder of a corporation. <u>See</u> <u>Cargill, Inc. v. Hedge</u>, 375 N.W.2d 477, 479-80 (Minn. 1985); <u>Kuennen v. Citizens Security Mut. Ins. Co.</u>, 330 N.W.2d 886, 887 (Minn. 1983); <u>Roepke v. Western Nat'l Mut. Ins. Co.</u>, 302 N.W.2d 350, 352-53 (Minn. 1981); <u>State Bank v. Euerle Farms, Inc.</u>, 441 N.W.2d 121, 124 (Minn. Ct. App. 1989). Richards is admittedly not a shareholder of either Aramark or GSI. Richards cites no authority to support her application of the reverse-piercing theory to gain personal jurisdiction over GSI through Aramark and the Court does not find any reason for applying such a theory under the circumstances of this action.

or its successor, Ogden Ground Services.[4]  At the conclusion of the arguments at the February 2 hearing, the district judge announced

---

[4]On October 31, 1988, GSI was a Delaware corporation with principal offices in Miami, Florida.  In September, 1990, all GSI stock was sold to Ogden Ground Services, Inc., a company that is unrelated to Aramark.  Neither GSI nor Ogden Ground Services, Inc., transacted business in Minnesota nor had any contact with that state.  Thus, the district court correctly determined that there is no basis for in personam jurisdiction over either GSI or Ogden Ground Services, Inc.  International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

an intent to grant the motion for lack of venue filed by defendants.  When asked by Richards' counsel if that applied to GSI, the judge confirmed that it did, then added that "this is not the place this lawsuit ought to go on."  The court then offered Richards' counsel an opportunity to react and asked, "Do you want to do something now, or are you going to bring a subsequent motion somewhere else?"  (emphasis added).  Richards' counsel offered no oral or written motion, but suggested that the court should rule the issue of jurisdiction "before it was appropriate to address the transfer of the remaining case."  However, because the motion to transfer was withdrawn at the beginning of the court's dismissal hearing, the issue was no longer before the court.  On that same day, the district court issued a written order dismissing the action for improper venue.

Richards filed her action in the district court of Minnesota as a harbor with a longer statute of limitations.  Once there, when personal jurisdiction was challenged, the burden did not shift to defendants.  Gould v. P.T. Krakatau Steel, 957 F.2d 573, 575 (8th Cir.)(burden of proof is on the party seeking to establish the court's in personam jurisdiction and does not shift to party challenging jurisdiction), cert. denied, 506 U.S. 908 (1992).  The motion to dismiss for lack of personal jurisdiction filed by defendants was considered and ruled adversely to Richards.  Likewise, the district court considered the other pending motions to dismiss for improper venue.  "Venue requirements exist for the benefit of defendants."  Hoover Group, Inc. v. Custom Metalcraft, Inc., 84 F.3d 1408, 1410  (Fed. Cir. 1996) (citing VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1576 (Fed. Cir. 1990), cert. denied, 499 U.S. 922 (1991)).  "One of the central purposes of statutory venue is to ensure that a defendant is not `haled into a remote district, having no real relationship to the dispute.'"

<u>Woodke v. Dahm</u>, 70 F.3d 983, 985 (8th Cir. 1995)(quoting <u>Cottman</u> <u>Transmission Sys., Inc. v. Martino</u>, 36 F.3d 291, 294 (3d Cir.

1994)).  In this diversity action, without personal jurisdiction over both defendants in the State of Minnesota, venue was improper.  See 28 U.S.C. § 1391(a).  The district court, after concluding it had no personal jurisdiction over GSI, properly dismissed the action because venue was improper.  All named defendants clearly did not reside in the State of Minnesota.

Richards controlled the course of the litigation against Aramark in the district court of Minnesota.  She could have voluntarily dismissed her claims against GSI and proceeded with her action against Aramark, seeking, if she chose, to attempt to transfer venue to the Northern District of Illinois under 28 U.S.C. § 1404(a), while maintaining the benefit of the Minnesota statute of limitations.  She had on file a motion to transfer venue in the event the court found no personal jurisdiction existed as to GSI, but she withdrew that motion at the beginning of the hearing.  When the district court later determined at the hearing that it had no personal jurisdiction over GSI, the only two pending motions in the case were defendants' motion to dismiss for lack of personal jurisdiction over GSI and defendants' motion to dismiss for improper venue.  Without personal jurisdiction over GSI, venue was necessarily improper under 28 U.S.C. 1391(a).

Richards seems to be arguing that the district court should have paused after ruling the personal jurisdiction issue as to GSI to permit her to proffer a motion she had already withdrawn.  The court entreated plaintiff to take action after indicating it was going to rule defendants' motion challenging venue.  A district court has no duty to take the action she requests.  Woodke, 70 F.3d at 986, (in absence of motion by plaintiff to dismiss certain defendants in order to preserve venue, district court is not required to dismiss such defendants sua sponte).

- 11 -

Review of the transcript and the district court's order dismissing the action reveals a well-reasoned application of the law by the district judge on the pending motions. We find no abuse of discretion by the district judge in denying Richards' motion for reconsideration.

The orders of the district court are affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.