# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4204

_____

United States of America,    *
                             *
        Plaintiff - Appellee,    *    Appeal from the United States
                             *    District Court for the
    v.                       *    Western District of Arkansas
                             *
40 Acres of Land, More or Less,    *    [UNPUBLISHED]
Located in Boone County, Arkansas,    *
with all Appurtenances and    *
Improvements Therein; $43,000.00, in    *
United States Currency; Proceeds of    *
Brokerage Account #013507;    *
$9,900.00, Cashier's Check; $9,800.00,    *
Cashier's Check; $9,800.00, Cashier's    *
Check; $9,600.00, Cashier's Check;    *
$9,500.00, Cashier's Check; $9,000.00,    *
Cashier's Check; D6C Bulldozer, Serial    *
No. 10K11341, with angle blade; 1990    *
Cheetah Boat, Serial No.    *
BFX0929499D, with attached    *
Mercruiser Motor, Mercruiser Outdrive;    *
1990 Boat Trailer, Serial No.    *
1L8T1202XK1D68899; Assorted    *
Computer Equipment; Chevrolet Pickup,    *
1994, VIN 2GBEK19K9R1149281;    *
527 Belarus Tractor, Serial No. 260657,    *
with Bush Hog 2840 QT Loader, Serial    *
No. 12-00890; 1995 Polaris ATV, Serial    *
No. 2581569;    *
                             *
        Defendants,          *

|                              | *     |
|------------------------------|-------|
| James Dale Barnes,           | *     |
|                              | *     |
|     Claimant - Appellant. | *     |

————————

Submitted: June 12, 2000

Filed: July 3, 2000

————————

Before WOLLMAN, Chief Judge, McMILLIAN, and BYE, Circuit Judges.

————————

PER CURIAM.

The district court[1] granted summary judgment and entered a forfeiture decree against several pieces of real and personal property owned by claimant James Dale Barnes. On appeal, Barnes challenges both the district court's adverse grant of summary judgment and the court's denial of post-judgment relief.

The government determined that Barnes had purchased the properties with funds from a Medicare fraud scheme perpetrated in Missouri. The government brought a civil forfeiture proceeding and moved for summary judgment. Barnes, the sole answering claimant, failed to oppose the motion within the time allotted by local rule in the Western District of Arkansas.[2] Three days after the district court entered the decree, Barnes's attorney moved to set aside the summary judgment. He claimed that the 14-

_____

[1]The Honorable H. Franklin Waters, Senior United States District Judge for the Western District of Arkansas.

[2]By local rule, Barnes had 11 days to respond, plus three additional days because the government's motion papers were served by mail. See W.D. Ark. R. 7.2(b); Fed. R. Civ. P. 6(e) (allotting parties three additional days of response time for mail service).

day response period provided inadequate time to communicate with Barnes, who was then incarcerated. The district court properly considered Barnes's request as a Rule 60(b)(1) motion to set aside the judgment on grounds of excusable neglect. See Fed. R. Civ. P. 60(b)(1). Finding an absence of excusable neglect, the court denied Barnes's request for post-judgment relief.

We review for abuse of discretion a district court's order denying post-judgment relief under Rule 60(b)(1). See Richards v. Aramark Services, Inc., 108 F.3d 925, 927 (8th Cir. 1997). "Abuse of discretion will be found only when the trial court's decision is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." Id. (citation omitted).

Relief under Rule 60(b)(1)'s excusable neglect provision is quite limited. "A district court should grant a Rule 60(b) motion 'only upon an adequate showing of exceptional circumstances.'" United States v. Tracts 10 & 11 of Lakeview Heights, 51 F.3d 117, 120 (8th Cir. 1995) (quoting United States v. Young, 806 F.2d 805, 806 (8th Cir. 1986)). We have previously held that "counsel cannot obtain relief by pointing to his carelessness or negligence." Hoffman v. Celebrezze, 405 F.2d 833, 835 (8th Cir. 1969).

In Ivy v. Kimbrough, 115 F.3d 550 (8th Cir. 1997), we rejected a plaintiff's assertion of excusable neglect where the plaintiff had been at his father's deathbed and had failed to respond to defendants' motion for summary judgment. "The district court denied this motion because Ivy's attorney was served with the summary judgment motions and inexcusably failed to respond." Id. at 552.

Barnes is not entitled to reversal of the district court's Rule 60(b)(1) decision because he could and should have requested an extension of time. The district court went so far as to note that extensions of time are ordinarily granted when requested.

-3-

Hence the district court did not abuse its discretion in denying Barnes's motion for post-judgment relief.[3]

We affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[3]Because we conclude that Barnes is not entitled to relief under Rule 60(b)(1), we need not address the district court's summary judgment ruling.