# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1006
_____

Gerald P. Pecoraro,                         *
                                            *
            Appellant,                      *
                                            *   Appeal from the United States
      v.                                    *   District Court for the District
                                            *   of Nebraska.
Sky Ranch for Boys, Inc., a South           *
Dakota Corporation; Sky Ranch               *
Foundation, Inc., a South Dakota            *
Corporation; Diocese of Rapid City,         *
a South Dakota Corporation,                 *
                                            *
            Appellees.                      *

_____

Submitted: June 19, 2003

Filed:  August 18, 2003
_____

Before BOWMAN, BEAM, and RILEY, Circuit Judges.
_____

BEAM, Circuit Judge.

      Gerald P. Pecoraro appeals the dismissal of his complaint for lack of personal jurisdiction and for improper venue.  We reverse in part, affirm in part and remand.

# I.   BACKGROUND

Pecoraro was fourteen years old and a resident of Nebraska when, in 1965, his parents sent him to Sky Ranch for Boys, Inc. (Sky Ranch) in South Dakota.  Father Donald Murray, now deceased, was the director of Sky Ranch at that time.  Pecoraro alleges that Father Murray sexually assaulted him on three occasions in 1965 and 1966: twice at Sky Ranch in South Dakota and once in a hotel room in Chicago, Illinois.

At one point after the first assault, Father Murray, Pecoraro, and Pecoraro's father all spoke at a Sky Ranch fund-raiser in Omaha, Nebraska, but neither Pecoraro nor Father Murray said anything to Pecoraro's father about the incident.  Pecoraro returned to Sky Ranch with Father Murray.  After the third assault, Pecoraro and another boy approached one of their counselors at Sky Ranch and told the counselor that Father Murray had sexually assaulted them.  Sky Ranch closed down shortly after the counselor reported Pecoraro's allegations to the Bishop of the Diocese of Rapid City (the Diocese), and Pecoraro returned to Nebraska.

Several months later Omaha police arrested Pecoraro while he was a passenger in a stolen vehicle.  He was sent to the Nebraska State Training School (NSTS) in Kearney, Nebraska.  Father Murray then contacted NSTS, informed officials there that Sky Ranch had re-opened, and requested custody of Pecoraro.  NSTS agreed.  Father Murray flew the Sky Ranch airplane to Kearney, picked up Pecoraro, stopped in Omaha for another fund-raising dinner, then took Pecoraro to a different ranch in Aladdin, Wyoming, for the summer.  He later moved Pecoraro to a private residence in Belle Fourche, South Dakota, for about one year.  Father Murray then tried to force Pecoraro to enlist in the Marine Corps, but Pecoraro refused and fled South Dakota.

Pecoraro filed this diversity action in the District of Nebraska in February 2002.[1] He named Sky Ranch, the Sky Ranch Foundation, Inc. (the Foundation), and the Diocese, alleging that all three defendants were vicariously liable for Father Murray's conduct. The district court granted the defendants' motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Alternatively, the district court ruled that venue was improper. Pecoraro appeals.

## II. DISCUSSION

To survive a motion to dismiss for lack of personal jurisdiction a plaintiff need only make a prima facie showing of personal jurisdiction over the defendant. Digi-Tel Holdings, Inc. v. Proteq Telecomm. (PTE), Ltd., 89 F.3d 519, 522 (8th Cir. 1996). We review de novo whether the plaintiff has presented a prima facie case of personal jurisdiction, viewing the evidence in the light most favorable to the plaintiff and resolving all factual conflicts in the plaintiff's favor. Id. Jurisdiction over a non-resident defendant must satisfy the requirements of the forum state's long-arm statute and of due process. Id. Because Nebraska's long-arm statute has been construed to permit jurisdiction to the extent of constitutional limits, we are left mainly to decide whether the exercise of personal jurisdiction over the defendants in this case comports with due process. Oriental Trading Co. v. Firetti, 236 F.3d 938, 943 (8th Cir. 2001) (discussing Nebraska Revised Statute § 25-536).

The principles of personal jurisdiction under the Due Process Clause are well established. Jurisdiction is appropriate only where a defendant has sufficient "minimum contacts" with the forum state that are more than random, fortuitous, or

---

[1]The applicable statute of limitations provides that a victim of childhood sexual abuse must commence a civil action within three years of the abusive conduct or within three years of discovering that the victim's injuries were caused by the abusive conduct. S.D. Codified Laws § 26-10-25. Pecoraro alleges that he discovered in January 2001, that Father Murray's conduct caused serious psychological injuries.

attenuated, such that summoning the defendant would not offend traditional notions of fair play and substantial justice. Digi-Tel, 89 F.3d at 522 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985); Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); and Milliken v. Meyer, 311 U.S. 457, 463 (1940)). The central question is whether a defendant has purposefully availed itself of the privilege of conducting activities in the forum state and should, therefore, reasonably anticipate being haled into court there. Burger King, 471 U.S. at 475; World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). Minimum contacts must exist either at the time the cause of action arose, the time the suit is filed, or within a reasonable period of time immediately prior to the filing of the lawsuit. Clune v. Alimak AB, 233 F.3d 538, 544 n.8 (8th Cir. 2000).

With these principles in mind, we look at five distinct factors: (1) the nature and quality of the defendant's contacts with the forum state; (2) the quantity of contacts; (3) the relationship between the cause of action and the contacts; (4) the forum state's interest in providing a forum for its residents; and (5) the convenience of the parties. Digi-Tel, 89 F.3d at 522-23. The first three factors are closely related and are of primary importance, while the last two factors are secondary. Id. at 523.

Considering these factors in conjunction with Nebraska's long-arm statute, we find that Pecoraro has made the requisite prima facie showing of minimum contacts between Nebraska, Sky Ranch, and the Foundation. Pecoraro alleges that Father Murray, acting in his capacity as director of Sky Ranch, fraudulently represented to the State of Nebraska that Sky Ranch had been closed for financial reasons (when, according to Pecoraro, it had actually been closed because of the allegations against Father Murray) and that he would take Pecoraro back to Sky Ranch. Pecoraro alleges that, instead, Father Murray entered Nebraska, flying Sky Ranch's airplane, for the purpose of kidnaping Pecoraro and taking him to Wyoming. Tortious conduct in the forum state expressly satisfies Nebraska's long-arm statute. Neb. Rev. Stat. § 25-

536(1)(c). The first and third factors above clearly support a finding of personal jurisdiction over Sky Ranch.

The Foundation, for its part, "is devoted to assisting Sky Ranch for Boys, Inc. in public relations and in fund raising to help to fund operations at the Sky Ranch." Joint Appendix at 20, ¶ 3. The record reflects that at least two fund-raising events were held in Nebraska during the period in which Pecoraro's cause of action arose. Although the Foundation appears to have cut back its fund-raising activity in Nebraska in the years since,[2] we think that even their present minimal activity, when coupled with the more-significant activity at the time the cause of action arose, is of such a nature, quality, and quantity as to constitute sufficient minimum contacts under the Due Process Clause.

By contrast, Pecoraro has not made any showing of minimum contacts between the Diocese and the State of Nebraska. He appears to argue that, because of the Bishop's role as a director and officer in the Sky Ranch corporation, Sky Ranch's contacts should be imputed to the Diocese. If that is his argument, we reject it. Whether the Diocese could be held vicariously liable for Father Murray's conduct is irrelevant to the issue of personal jurisdiction. The question, again, is whether the Diocese, based solely on its activity as the Diocese and not on the activity of administrators of related entities acting in other capacities, should reasonably expect to be haled into court in Nebraska. We think that, based on the record before us, the answer is clearly "no."

Finally, we hold that venue is proper in the District of Nebraska. Venue is proper in a diversity case in "a judicial district in which a substantial part of the

---

[2]According to Foundation officials, the Foundation has sent requests for contributions to thirty-one Nebraska residents since January 1, 2001. Joint Appendix at 21, ¶ 9.

events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2). In making our determination, we do not ask which district among two or more potential forums is the "best" venue, rather, we ask whether the district the plaintiff chose had a substantial connection to the claim, whether or not other forums had greater contacts. Setco Enter. v. Robbins, 19 F.3d 1278, 1281 (8th Cir. 1994). While South Dakota's connection to the defendants is much stronger, we find, based on the above discussion of minimum contacts, that Nebraska also has a substantial connection to Pecoraro's claim.

## III.   CONCLUSION

We reverse the dismissal of Pecoraro's claims against Sky Ranch and the Foundation for lack of personal jurisdiction. We also reverse the district court's determination that venue was improper in the District of Nebraska. We affirm the dismissal of Pecoraro's claim against the Diocese. Finally, we remand for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-