NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2408
_____

PAUL BOCKMAN; YVONNE BOCKMAN; CHARLES ERVIN; ROBERT N.
HUBBY; KATHRYN P. HUBBY; STANLEY F. PODULKA; JOANNE PODULKA;
IAN RICHARDSON; DOUGLAS C. SCHWARZWAELDER, individually and
derivately on behalf of First American Marketing Corporation d/b/a Kaehall Estate
Planning Coordinators and First American Capital Corporation

v.

FIRST AMERICAN MARKETING CORPORATION, doing business as
KAEHALL ESTATE PLANNING COORDINATORS; FIRST AMERICAN
CAPITAL CORPORATION; MARGARET HALL; ESTATE OF HENRY HALL,
Deceased; STEPHEN R. MCCOLLOM; JEFFREY A. HALL; DENNIS G. HALEY;
THEODORE C. SOMERVILLE; DARWIN S. WEBLEY; BOARD OF DIRECTORS
OF FIRST AMERICAN MARKETING CORPORATION; BOARD OF DIRECTORS
OF FIRST AMERICAN CAPITAL CORPORATION; JOHN AND JANE DOES,
who were and/or are members of the Board of Directors of First American
Marketing Corporation and First American Capital Corporation

Paul Bockman, Yvonne Bockman, Charles Ervin, Robert B. Hubby,
Kathryn P. Hubby, Stanley F. Podulka, Joanne Podulka,
Ian Richardson, and Douglas C. Schwarzwaelder,
Appellants
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 10-cv-7412)
District Judge:  Hon. Lawrence F. Stengel
_____

Submitted Under Third Circuit LAR 34.1(a)
January  9, 2012

Before:  FUENTES, JORDAN, and NYGAARD, *Circuit Judges*.

(Filed January 23, 2012)

_____

OPINION OF THE COURT

_____

JORDAN, *Circuit Judge*.

This matter arises out of a dispute between some shareholders of First American Marketing Corporation and First American Capital Corporation (collectively, "the Corporations") and certain directors and senior officers of the Corporations. The shareholder Plaintiffs appeal an order of the United States District Court for the Eastern District of Pennsylvania dismissing their complaint for improper venue, pursuant to Federal Rule of Civil Procedure 12(b)(3). For the following reasons, we will affirm.

## I.    Background[1]

First American Marketing Corporation ("FAMC") and First American Capital Corporation ("FACC") are Maryland corporations with their principal place of business in Denver, Colorado. Defendants Margaret Hall, Henry Hall,[2] Jeffrey Hall, Stephen

---

[1]We accept as true all of the allegations in the complaint, unless those allegations are contradicted by the defendants' affidavits. *Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1192 (10th Cir. 1990) ("Plaintiff contends that in responding to a motion to dismiss for improper venue, he was entitled to rely upon the well pled facts of his complaint. This is true, however, only to the extent that such facts are uncontroverted by defendant's affidavit."); *see* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1352, at 324 (3d ed. 2004) ("Practice on a motion under Rule 12(b)(3) is relatively straight-forward. All well-pleaded allegations in the complaint bearing on the venue question generally are taken as true, unless contradicted by the defendant's affidavits.") (internal footnotes omitted).

[2] Henry Hall was the Chairman of the Board, Treasurer, and Chief Executive Officer of FACC until he died on September 28, 2004.

2

McCollom, Theodore Somerville, Darwin Webley, and Dennis Haley are officers and/or directors of the Corporations (collectively, "the Individual Defendants"). Plaintiffs are a group of the Corporations' shareholders.[3]

On December 21, 2010, Plaintiffs filed a derivative suit against the Corporations and the Individual Defendants, alleging that Henry Hall, Margaret Hall, and McCollom, each of whom had, at some point, served as an officer, director, and shareholder of the Corporations, failed to act in the best interests of the Corporations' shareholders. Specifically, Count I of the Complaint alleges that Margaret Hall, Henry Hall, and McCollom engaged in ultra vires acts. Count II alleges that Margaret Hall, Henry Hall, McCollom, and the members of the Corporations' boards of directors "failed to exercise sound business judgment in managing the affairs of [the Corporations]," (App. at 16), "intentionally and/or negligently failed to abide by the by-laws of [the Corporations] and applicable laws by … failing to hold elections … and failing to provide shareholders with the required notice disclosures, annual reports, etc[.]," (*id.*), and "us[ed] the Corporations' assets to purchase … condominiums in Hawaii which are not related to the Corporations' business." (App. at 17.) Count III of the Complaint alleges that all of the Defendants breached their respective fiduciary duties to FAMC shareholders by wasting the Corporations' assets, and Count IV alleges that all of the Individual Defendants "used their positions to obtain personal benefits not enjoyed by the shareholders of [the Corporations]" and failed to pay dividends to the shareholders of the Corporations. (App.

---

[3] The plaintiffs in this matter are Paul Bockman, Yvonne Bockman, Charles Ervin, Robert N. Hubby, Kathryn P. Hubby, Joanne Podulka, Ian Richardson, and Douglas C. Schwarzwaelder.

at 19.)  Finally, Count V of the Complaint alleges that all of the Defendants oppressed minority shareholders and engaged in other unfair conduct.

Defendants moved to dismiss the Complaint pursuant to Rule 12(b)(3), arguing that venue was improper in the Eastern District of Pennsylvania.[4]  In support of their motion, Defendants attached the affidavit of McCollom, which stated:  (1) "[t]he principal place of business of both FAMC and FACC is currently located in Denver, Colorado and was previously located in Colorado Springs, Colorado"; (2) "[b]oth FAMC and FACC are incorporated in Maryland"; (3) "[t]he corporate officers and directors of FAMC and FACC perform all of their duties and regularly hold meetings in the state of Colorado"; and (4) "[t]he corporate officers and directors of FAMC and FACC have never held a meeting in the Commonwealth of Pennsylvania."  (SA at 7.)

In response to the motion to dismiss, Plaintiffs submitted a brief that they had filed five years before in a different case against Defendants Margaret Hall and the Estate of Henry Hall (the "2005 Opposition Brief").[5]  When first filed in 2005, the 2005 Opposition Brief was meant to address issues of personal jurisdiction and provided a list

---

[4] The Corporations filed the motion to dismiss, but, because the arguments they made in support of that motion apply equally to the Individual Defendants, we treat the motion, as did the District Court and the Plaintiffs, as being on behalf of all Defendants in this action.  (*See* Dist. Ct. Op. at 1 ("Defendants filed a motion to dismiss for improper venue.").)

[5] On January 14, 2005, Keith Ervin, Kimberly Ervin, James Garcia, Pauline Serfass, and Ronald Bresel filed a complaint against the Corporations, Margaret Hall, and the Estate of Henry Hall (the "2005 Action").  The 2005 complaint alleged that the defendants engaged in ultra vires acts, failed to act in the best interests of the Corporations, wasted the Corporations' assets, and failed to pay the plaintiffs wages and commissions.  Prior to trial, the parties settled, and the district court dismissed the complaint.

of Defendants' contacts with the Commonwealth of Pennsylvania. The brief stated, among other things, that: (1) a majority of FAMC employees are located in Pennsylvania; (2) "FAMC's income is generated primarily from operations in Pennsylvania"; (3) "[t]he majority of FAMC's shareholders, based on percentage of ownership, as well as the actual number of shareholders, are located in Pennsylvania"; (4) "[t]he majority of FAMC's employees … live and work in Pennsylvania"; and (5) "[t]he majority of FAMC's clients are located in Pennsylvania or its surrounding states."[6] (App. at 43-44.)

The District Court granted Defendants' motion to dismiss, concluding that venue was improper in the Eastern District of Pennsylvania because "[t]he claims in the 2010 complaint are based on actions taken by the corporate officers and directors," and Defendants had submitted an affidavit stating that all of their board meetings occurred in Colorado and the corporate officers and directors performed all of their duties in Colorado. (App. at 8-9.) In addition, the Court found Plaintiffs' allegation that Defendants' sought new shareholders in Pennsylvania inconsequential because "[e]ven if defendants solicited shareholders in Pennsylvania," the 2010 Complaint was "based on defendants' misconduct towards existing shareholders, not … prospective shareholders." (*Id.* at 9.) Moreover, the District Court rejected Plaintiffs' contention that venue was proper in Pennsylvania because a majority of the Corporations' shareholders resided in Pennsylvania and Defendants were parties to lawsuits commenced in Pennsylvania.

---

[6] In support of that brief, Plaintiffs attached affidavits from Keith Ervin, James Garcia, and Kimberly Ervin. Those affidavits each attest to the veracity of the facts alleged in the 2005 Opposition Brief.

Plaintiffs filed this timely appeal.

## II.    Discussion[7]

Under 28 U.S.C. § 1391, where jurisdiction is based on diversity of citizenship, a plaintiff may bring a case in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) *a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated*, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a)(1)-(3) (emphasis added).  The "defendant[s] … bear the burden of showing improper venue." *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724-25 (3d Cir. 1982).

Here, the parties agree that §§ 1391(a)(1) and (a)(3) are inapplicable to this case.[8] Thus, we must only determine whether a "substantial part of the events or omissions giving rise to" this shareholder derivative suit occurred in Pennsylvania.  § 1391(a)(2).

---

[7] The District Court had jurisdiction over this matter pursuant to 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291.  Our review of the District Court's dismissal order is plenary.  *Santiago v. GMAC Mortg. Grp., Inc.*, 417 F.3d 384, 386 (3d Cir. 2005).

[8] We agree with the parties' stipulation that neither §§ 1391(a)(1) nor (a)(3) apply to this case.  As to (a)(1), the Complaint alleges, and it is undisputed that, the Individual Defendants and the Corporations are citizens of different states.  (*See* App. at 11 (alleging that FAMC is a Maryland corporation and that Defendant Margaret Hall "is an adult individual residing in Colorado").)  And, (a)(3) is inapplicable to this case because, as Plaintiffs correctly point out in their brief, they could have brought this action in a United States District Court in Colorado since the Corporations have their principal offices in Colorado and hold all of their board meetings in Colorado.

Plaintiffs, of course, claim that they did. They contend that venue is proper in the Eastern District of Pennsylvania because: (1) the Corporations generate most of their revenue in Pennsylvania and participated in lawsuits in Pennsylvania and, (2) most of the Corporations' employees and shareholders reside in Pennsylvania. Since the only argument they submitted in the District Court was a five-year-old brief directed at questions of personal jurisdiction, it is not surprising that they failed to meet the Defendants' arguments and to adequately address our precedents on venue.

In *Cottman Transmission Systems, Inc. v. Martino*, we held that, in determining whether a substantial part of the events or omissions giving rise to a cause of action occurred in a specific jurisdiction, "[t]he test … is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim.'" 36 F.3d 291, 294 (3d Cir. 1994). In addition, we explained that "[i]n assessing whether events or omissions giving rise to the [plaintiff's] claims are substantial, it is necessary to look at the nature of the dispute." *Id.* at 295. Moreover, we observed that the venue provision "favors the defendant in a venue dispute by requiring that the events or omissions supporting a claim be 'substantial,'" *id.* at 294, and that "[s]ubstantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute," *id.*; *see Leroy v. Great W. United Corp.*, 443 U.S. 173, 183-84 (1979) (noting that the purpose of the venue provision is "to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial").

The District Court did not err in dismissing the Complaint in this case, because Defendants satisfied their burden of showing improper venue by offering evidence that the wrongful acts alleged in the Complaint did not occur in Pennsylvania, and Plaintiffs failed to rebut that evidence. The Complaint alleges a garden variety of corporate governance claims. Each of those claims allegedly arises out of the actions and inaction of the Individual Defendants in their roles as officers and directors of the Corporations. In support of their motion to dismiss, Defendants submitted an affidavit by McCollom, which states that all of the allegedly wrongful behavior took place in Colorado, where the Corporations held all of their board meetings. In response, Plaintiffs offered nothing more than the 2005 Opposition Brief. None of the information in that brief, however, speaks to whether the acts or omissions that gave rise to the Complaint occurred in Pennsylvania. Instead, it describes the Corporations' general contacts with Pennsylvania in 2005 – information that does not alone suffice for the analysis of venue required by § 1391(a)(2).[9] If accepted as entirely true, the 2005 Opposition Brief establishes Defendants' general contacts with Pennsylvania, but it fails to show the jurisdiction where the acts or omissions giving rise to the Complaint occurred.[10] *See Gulf Ins. Co. v.*

---

[9] Indeed, it may be doubted that Defendants' conduct in 2005 is even relevant to our analysis of venue under § 1391(a)(2) because any actionable wrongdoing addressed in the Complaint presumably involves acts that occurred after December 21, 2008, i.e., two years prior to the December 21, 2010 filing of the Complaint. *See Weis-Buy Servs., Inc. v. Paglia*, 411 F.3d 415, 422 (3d Cir. 2005) (noting that statute of limitations for fiduciary claims in Pennsylvania is two years).

[10] Although Plaintiffs suggest in their briefing that their "claims do not necessarily arise from *formal* acts of the Corporations or the Board of Directors," the Complaint suggests otherwise. (Appellant's Br. at 14.) Moreover, even if Plaintiffs' corporate

*Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005) (observing that "for venue to be proper, *significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question," and that it "would be error … to treat the venue statute's 'substantial part' test as mirroring the minimum contacts test employed in personal jurisdiction inquiries"); *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003) (noting that in determining venue under § 1391(a)(2), "[o]nly the events that *directly give rise to a claim are relevant*," and that "of the places where the events have taken place, only those locations hosting a 'substantial part' of the events are to be considered" (emphasis added)); *Setco Enter. Corp. v. Robbins*, 19 F.3d 1278, 1280-81 (8th Cir. 1994) (citation omitted) (rejecting "weight of the contacts" test as proper measure for determining venue under § 1391(a)(2)).

Therefore, because Plaintiffs failed to rebut the evidence demonstrating that no substantial part of the acts or omissions giving rise to this shareholder derivative action occurred in Pennsylvania, the District Court correctly determined that venue is improper in the Eastern District of Pennsylvania.[11]

---

claims do not arise from Defendants' "formal acts" as officers and directors of First American, Plaintiffs do not point to any "informal" acts that occurred in Pennsylvania that give rise to this lawsuit. In fact, the only allegation in the Complaint that refers to any jurisdiction is Count II, which alleges that "Defendants failed to act in the best interests of the Corporations … by … using the Corporations' assets to purchase condominiums in Hawaii … ." (App. at 17.)

[11] Where venue is improper, a court may transfer a case "in the interest of justice" to a district "in which [the case] could have been brought." 28 U.S.C. § 1406(a). Transfer in lieu of dismissal is generally appropriate to avoid penalizing plaintiffs by "time-consuming and justice-defeating technicalities." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962) (internal quotation marks omitted). Defendants argue that the

9

**III.    Conclusion**

For the foregoing reasons, we will affirm the District Court's order dismissing the Complaint.

---

District Court appropriately dismissed the Complaint because no "justice-defeating technicalities" exist here, and Plaintiffs have failed to draw our attention to any injustice that would result from dismissal as opposed to transfer.  The District Court's dismissal order is thus consistent with 28 U.S.C. § 1406(a).